**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 24-CR-328 (ACR)** |
| **v.** | : | |
| | : | |
| **NATHANIEL NOYCE,** | : | |
| | : | |
| **Defendant.** | : | |

**JOINT STATUS REPORT**

On August 27, 2024, the Court ordered the parties to submit a joint status report on or before September 13, 2024. (Minute Entry, August 27, 2024). Accordingly, the parties respectfully submit this Joint Status Report.

(1) The government states that it has provided all relevant discovery to the defense under Rule 16 of the Fed. Rules of Crim. Procedure.  The defense has not, as of this time, requested any additional outstanding discovery from the government.  The defense is in the process of reviewing the materials provided to date, and may seek additional discovery as the case progresses.  The government states that it understands its continuing discovery obligations and will diligently disclose any additional discovery to the defense as this case progresses.

(2) The parties request a schedule of pretrial proceedings in accordance with the below submissions:

(3) The Government anticipates the trial will last 4 or 5 days. The defense anticipates the trial likely will last significantly longer than 4 or 5 days.

(4) The defense understands the need to resolve this case with all deliberate speed.  As previously proffered, the defense has been ordered by the Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, to keep all of January and February, 2025, open for trial in the case of United States v. Nadine Menendez, Case

Number 1:23-cr-000490-SHS.  The defense is concerned, based on proffers from the government in that case, that the Menendez trial could last longer than predicted and extend into March, 2025, which could conflict with the trial date recently set in this case and make final trial preparation for this case difficult to accomplish.  However, the defense does not believe it has a predicate, at this time, to move for a continuance of the trial date set in this case.

## PROPOSED PRETRIAL SCHEDULING ORDER

Trial is set to commence in this matter on March 17, 2025, at 10:00 a.m.  The parties submit the following concerning deadlines to govern pretrial proceedings:

1. Pretrial motions, including motions to change venue, motions to suppress, motions to dismiss the indictment or counts therein, and motions *in limine*, should be due by January 17, 2025; oppositions should be filed by January 24, 2025; and replies should be filed by January 31, 2025.

2. A pre-trial conference should be held on March 13, 2025, including a hearing on the above motions, if necessary, if that date is convenient for the Court.

3. Notice concerning the use of Rule 404(b) evidence shall be filed by the Government by December 9, 2024.  The Parties shall file any motion *in limine* with respect to any Rule 404(b) evidence by the motions deadline set forth in Paragraph (1).

4. By March 12, 2025, counsel shall file a Joint Pretrial Statement that contains the following:

   a. A neutral statement of the case.  The Parties shall include a neutral statement of the case for the court to read to prospective jurors.

   b. Proposed jury voir dire questions.  The Parties shall prepare proposed voir dire questions and shall indicate the questions on which they agree; and the questions

on which they disagree.  The Government believes that the parties should be

required to provide any specific objections noted below each disputed question.

The Defense  does not object to a required proffer of objections.

c.  <u>Proposed jury instructions</u>.  The Parties shall submit a list of standard jury

instructions from the "Red Book" (Criminal Jury Instructions for D.C. (Barbara

A. Bergman ed., May 2016 ed.)) that they wish to include in the final jury

instructions.  Parties need not submit the full text of any standard jury instruction

but should provide the full text of (1) any modified standard jury instruction(s),

including any preliminary instructions, with the proposed modification(s)

redlined, and (2) any nonstandard jury instruction which they wish to have the

Court include.  As to each nonstandard jury instruction, the sponsoring party

should set legal authority for the proposed instruction, and the nonsponsoring

party should state any objection to the instruction, including any proposed

modifications.

d.  <u>Witness lists</u>.  The Government asserts that both parties should be required

to identify the witnesses that each side anticipates it may call in its case-in-chief,

and that only upon leave of court and a showing of good cause would a party be

permitted to withhold a witness's identity.   The Defense contends that it should

not be required to proffer witness identities prior to the commencement of trial.

e.  <u>Exhibit lists</u>.  The Government's view is that the Parties should be required to

include an exhibit list that each side anticipates it may introduce in its case-in-

chief, but may omit any exhibit that might be used solely for purposes of

impeachment.  The Government submits that the Parties should not provide a

copy of the exhibits to the court but must exchange digital copies of premarked exhibits.  The Defense's position is that it should not be required to proffer this information prior to the commencement of trial.

    f.   <u>Stipulations</u>.  The Parties shall submit a draft of all stipulations.

    g.   <u>Proposed verdict form</u>.  The Parties shall include a draft verdict form, including any special interrogatories.  The draft verdict form should include a date and signature line for the jury foreperson.

5.  The Government submits that grand jury and Jencks Act disclosures should be required as to each witness the government expects to call in its case-in-chief by March 6, 2025.

6.  The Government submits that the Defendant is required to satisfy its reciprocal discovery obligations, if any, under Rule 16(b) by December 9, 2025.  The Defense suggests that a deadline should not be set for its compliance with this requirement, and that if any such deadline is set, it should be substantially closer to the trial date.

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By:    /s/ *Eli J. Ross*_____
Eli J. Ross
Assistant United States Attorney
IL Bar No. 6321411
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 297-1515
Email: Eli.Ross@usdoj.gov

/s/ Barry Coburn

_____
Barry Coburn, DC Bar No. 358020
Coburn, Greenbaum & Eisenstein, PLLC

1710 Rhode Island Avenue, NW, 2nd  Fl.
Washington, DC  20036
202-643-9472
barry@coburngreenbaum.com